CIRCUIT COURT OF FREDERICK COUNTY

Michael Eugene Sirbaugh, Infant

v.

Clarco Corporation

September 1, 1962

By JUDGE ELLIOTT MARSHALL

In my opinion the only debatable issue arises because of the plaintiff's infancy. There could be little doubt that, ordinarily, an adult business invitee who pays to engage in the sport of bouncing on a trampoline assumes the risk of injuring himself as the result of his own ungainliness or his attempts at feats beyond his capacity. He, himself, applies the force which produces his injury. The danger that his ineptness or daring might produce injury is perfectly open. He must be presumed to comprehend the law of gravity in the absence of obvious incapacity or other unusual circumstance and there would be no duty to warn or instruct him.

To me the fact that the plaintiff is only thirteen years of age and presumed to be incapable of contributory negligence or assumption of risk changes the entire picture.

The defendant is in the business of providing for hire a sport which, of itself, entails certain hazards which, though perfectly obvious to the ordinary adult, are not necessarily so to a thirteen year old boy. In addition, the presumed incapacity of one below fourteen years of age applies not only to inability to recognize the danger but, even more important, the

absence of soundness of judgment to heed it and exercise the reasonable necessary precaution to avoid it.

Anyone with any knowledge of the proclivities of thirteen year old boys recognizes that if they are permitted to use trampolines some injuries, such as that of the instant case, are inevitable. Regardless of warning or supervision some of the less graceful and more venturesome will be injured; just as will happen in any sport in which they engage. But a person in the business for profit may owe them the duty of minimizing such injuries by providing all reasonably necessary precautionary safeguards. It may be that a reasonably prudent person would be required to instruct the young novice in the use of the device and warn him of the dire consequences of attempting the more difficult leaps before he has learned to use it with some degree of proficiency. While, as in this case, the prominent posting of safety rules might prove to be of some effect, it is, at least, a poor substitute for the frowning oral admonitions of an austere adult, whose very presence often serves to dampen the over-enthusiastic efforts of children to surpass the capacities for which they are fitted by experience and physique. A gentle warning now and then when the novice is approaching the obvious danger zone might well prevent a mishap of grave consequence such as occurred in this case.

The only case of which I am cognizant in Virginia which remotely approaches our proposition is New Bay Shore Corp. v. Lewis, 193 Va. 400, where the plaintiff, an adult, was permitted to recover for personal injuries. While standing on a merry-go-round in motion a seven or eight year old boy bumped her so that she lost her equilibrium and fell from the platform. The defendant had prominently posted signs warning that the riders must not "change horses." It had also adopted safety rules requiring all riders to remain seated during a ride and admonishing its employees to be "careful about children and boys running around." The effect of the court's holding seems to be that it was within the province of the jury to decide that the defendant owed the duty to use reasonable care in the

supervision of the boys to prevent their moving about while the merry-go-round was in motion, through Hudgins, C. J., saying:

> Children from 7 to 10 years of age often act upon childish instincts and impulses. They are thrilled and excited when permitted to ride on merry-go-rounds. _It is natural for them, unless prevented from so doing, to take chances, move about on the platform, and change seats, with little or no regard for their own safety, or the safety of others._ These facts required defendant to exercise that degree of care and caution to prevent injury to those invited upon its premises that a reasonably prudent person would exercise under the same or similar circumstances. (Italics supplied.)

Chief Justice Hudgins did not explain why he used the phrase "children from 7 to 10 years." I am sure that he did not intend to exclude those less than seven, because under the law such children are not liable criminally and are incapable of contributory negligence. I know of no deadline in the law of ten years of age except possibly in some states where the "attractive nuisance" doctrine is applied the limit is ten years. As has been observed the presumption of incapacity applies between 7 and 14 years of age. Of course this presumption weakens as the years increase, but I think that if the children had been thirteen in the _Lewis_ case the rule would have been the same. Likewise, if one of the young miscreants had been injured he could have recovered upon the same theory as Mrs. Lewis if the jury had found him free from contributory negligence.

If the law imposes upon the operator of a merry-go-round the duty to use reasonable means to regulate children invitees in their use of the device, I see no reason why a jury might not decide that a like duty exists as to the use of a trampoline. True that the merry-go-round is an active moving force which assists the plaintiff in his folly or mischief, but the danger,

perhaps, is even more obvious and less appealing than the trampoline. There seems to be just as much likelihood that injuries will occur as the result of unrestricted use of the latter as the former. I think that a reasonably prudent person might not permit the use of a trampoline by a thirteen year old novice without some instruction as to safe methods of use and warning of the dangers of violation of simple safety rules. After the fledgling has been properly instructed and has practiced to the extent that he has apparently become proficient should be time enough to leave him to his own devices for self-destruction. Even then, there might be some duty to caution him as to attempts at feats obviously beyond his capacity.

The demurrer should be overruled.